UNITED STATES' DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CIVIL CASE NUMBER:

PRECIOUS OKEREKE
Plaintiff

V.

AMAZON INCORPORATION
Defendant

Case: 1:19-cv-03565   JURY DEMAND
Assigned To : Unassigned
Assign. Date : 11/26/2019
Description: Employment. Discrimination (H-DECK)

RECEIVED
Mail Room
NOV 25 2019
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

COMPLAINT

INTRODUCTION

The Plaintiff started working for the Amazon Incorporation on November 1st, 2016 as a Warehouse Associate and was crassly unfairly terminated on August 12th, 2019 without any kind of evidentiary hearing as is legally required or mandated. The reason for the alleged employment's termination was alleged work-place violence. The Defendant had closed circuit televisions (CCTV) recorded the alleged incident and the Plaintiff prayed the Defendant to present it for review during much-needed due process's hearing, but to no avail. Such conduct is not in keeping with the rule of law. At work, on more scores than one, the Plaintiff was condemned to overt discrimination. Plaintiff's colleague will be promoted, but the Plaintiff would not be given favorable consideration for promotion. Factly, unusual cruelty reigns; self-same was slavery treatments. The Plaintiff endured for the sake of the meager income she earned from the heart-rending employment. The Plaintiff had tried to exhaust the administrative remedies thus Mass. Gen. Law Ch. 93A, but the Defendant never responded hitherto. The Defendant received it on 09/27/2019 at 12.37 P.M. [**C.f. Apps. 1 and 2**] It will be advisable for the case to be controlled by a Massachusetts' precedent. ]C.f. ***Debra Agis & another v. Howard***

*Johnson Company & another*, 371 Mass. 140 (1976), despite the proceedings commencement in the United States' District Court.  The crime the Plaintiff committed was *self-defense* [and] nothing less.  In essence, a top naked male employee of the Defendant was approaching the Plaintiff with a wrapping poll and the Plaintiff pushed him away.  It was what the Defendant's agents considered to be work-place violence, which culminated into the Plaintiff's employment termination without evidentiary hearing or compliance to "The Requirements of Due Process.  The Plaintiff had complained to her supervisors about several harassments her colleagues consistently subjected or exposed the Plaintiff to, but deliberate indifference prevailed in stark violation of the Plaintiff's Civil Rights and striking amongst them is "Action for neglect to prevent."  That alone violated the Plaintiff's civil rights [without mincing words]

**PARTIES**

The Plaintiff lives in the Suffolk County of Massachusetts, United States.  The Plaintiff's contact address will be as stated.  However, the Plaintiff opts for Post Office address, which is against the Court's Local Rule.  The Plaintiff's rental apartment's mail box is not safe for the Plaintiff's mails.  The Defendant is located in the Plymouth County of Massachusetts, United States.  Her contact address is 1000 Technology Drive, Stoughton – MA 02072.

**JURISDICTION**

That exists on constitutional, statutory and procedural bases.  [Article III Sec. 2; Fifth Amendment; Eight Amendment; 13th Amendment; 42 U.S.C. Secs. 1981, 1985, 1986 and 2000e et seq. ("Title VII");  …; Fed. R. Civ. P. 4(e); The Universal Declaration of Human Rights (1948); …]

**VENUE**

That exists too!  [28 U.S.C. Sec. 1391]

**BASESES OF COMPLAINT**

01) That the Defendant's conduct exposed the Plaintiff to covert and overt discrimination.

02) That the Defendant's conduct exposed the Plaintiff to deprivation of property interest – the Plaintiff was paid on hourly basis.

03) That the Defendant's conduct condemned the Plaintiff to intentional infliction of emotional distress.

04) That the Defendant's action condemned the Plaintiff to negligent infliction of emotional distress.

05) That the Defendant's conduct violated the Plaintiff's Civil Rights Acts and striking amongst them is "Action for neglect to prevent."

06) That the Defendant terminated the Plaintiff's employment on the basis of work-place violence and was never allowed to confront her accuser in keeping with "The Requirements of Due Process."

07) That the Defendant denied the Plaintiff Due Process – evidentiary hearing – prior to the employment's termination.

08) That the Defendant's agent deprived the Plaintiff liberty interest thus *active domination of will* – forced to be where the alleged work-place violation occurred.

09) That the Defendant's agent exposed the Plaintiff to conspiratorial agreements for the purpose of termination of the Plaintiff's employment on the basis of the so-called work-place violence.

10) That Defendant's agents decided to terminate the Plaintiff's employment owing to the Plaintiff fierce reasoning with the Defendant's employees in relationship to the Plaintiff's

income garnishment despite the attachment of *sub judice* – pendency of lawsuit - at the United States' District Court, Eastern District of Massachusetts.

**RELIEF THE PLAINTIFF SOUGHT**

There is none and if there were a need to do so, the Plaintiff will let the Court know desirably.

**PLAINTIFF AND JURY TRIAL DEMAND**

The Plaintiff will like the case to be tried by jury and it is in keeping with law! [Mass. Gen. Law. Ch. 15; Seventh Amendment]

**COMPENSATORY AND PUNITIVE DAMAGES**

Central to the sub-head, the Plaintiff will demand $10m for compensatory damages and $25m for Punitive damages; the total will be $35m. Cost and interest will be excluded [as is the rule]

**CONCLUSION**

The importance of Equal Protection and Due Process Clauses cannot be over-emphasized. Evidently, the Plaintiff is not asking the Court to do what is legally or jurisprudentially impossible with candor in communications. Therefore, could justice be done and be seen done, at all material times and irrespective of whose ox will be gored or highly placed.

*[signature]*

PRECIOUS OKEREKE
*Pro Se*
P O Box 171121
Boston – MA 02117
Telephone: (617) 297 6213

**Dated in Boston on Wednesday November 20th – 2019.**