UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-11093-RGS

PRECIOUS OKEREKE

v.

AMAZON CORPORATION

ORDER

June 30, 2020

STEARNS, D.J.

Now before the court is a complaint filed by *pro se* litigant Precious Okereke filed on November 25, 2019 against her former employer, "Amazon Incorporation." Okereke represents that she lives in Massachusetts, that the former employment at issue in her complaint was in Massachusetts, and that the defendant is located in Massachusetts. Notwithstanding, Okereke chose to commence this action in the United States District Court for the District of Columbia. On January 24, 2020, the court in the District of Columbia found that venue did not exist in the District of Columbia and ordered that the action be transferred to the District of Massachusetts, where venue is proper. After an unsuccessful appeal challenging the transfer order, the case

was transferred to the District of Massachusetts on June 9, 2020. *See Okereke v. Amazon Incorporation*, C.A. No. 19-03565 (D.D.C.).

Okereke has a filing history in this court. On December 13, 2011, the court found that she had a history of vexatious and abusive filings in the District of Massachusetts. *See Okereke v. Boston Public Hackney Div.*, C.A. No. 11-11626-RWZ, Dkt #6 (D. Mass. Dec. 13, 2011) (Zobel, D.J.). On September 19, 2012, Okereke was enjoined "from filing any additional papers, claims, cases files, complaints, or other documents in the United States District Court for the District of Massachusetts, in any manner, way or form, without first obtaining the prior written approval of the Miscellaneous Business Docket Judge of this Court." *Id.*, Dkt #8.

Okereke cannot evade the requirements of the enjoinment order by filing her action in a district where venue does not exist. Once her case was transferred from the District of Columbia to the District of Massachusetts, the filing restrictions already imposed by this court attached. Okereke has not asked this court for permission to pursue this action in the District of Massachusetts.

Accordingly, the court orders that this action be DISMISSED. The dismissal is without prejudice to Okereke filing a motion for leave to file a new case in accordance with the requirements set forth in the September 19,

2012 enjoinment order. The court further orders that, should Okereke file an action in another federal district court that is subsequently transferred to the District of Massachusetts before the issuance of any summons, the clerk shall assign a civil docket number to the transferred case and immediately close the action for failure to comply with the order of enjoinment. The clerk shall reference this order in closing the case and shall provide Okereke with a copy of this order and the September 19, 2012 enjoinment order.

                          **SO ORDERED.**

                                    /s/ Richard G. Stearns
                                    _____
                                    UNITED STATES DISTRICT JUDGE